DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Lorain County Auditor and Lorain County Sheriffs Department, appeal from the decision of the Lorain County Court of Common Pleas. We reverse.
 I. {¶ 2} On March 3, 2005, Richard M. Shawver ("Shawver") was terminated from his position as a Corrections Officer with the Lorain County Sheriff's Department. His termination stemmed from a violation of the Sheriff's *Page 2 
Department's Habitual Absenteeism Policy. On March 16, 2005, Shawver filed an application with Appellee, the Director of the Ohio Department of Job and Family Services ("ODJFS") for a determination of unemployment compensation benefits. On April 4, 2005, the Director of ODJFS found that Shawver was discharged without just cause and granted him unemployment benefits starting from March 13, 2005. Appellants appealed this finding and the Director issued a redetermination, affirming ODJFS's initial determination that Shawver was terminated without just cause. On June 6, 2005, Appellants appealed the redetermination and the Director transferred jurisdiction to the Review Commission ("Commission"). A hearing before a Hearing Officer was held on November 8, 2005. In a decision dated December 15, 2005, the Hearing Officer affirmed the redetermination that Shawver was terminated without just cause. On December 22, 2005, Appellants filed a request for review of the Commission's decision to affirm the redetermination, which was denied on January 12, 2006. On February 2, 2006, Appellants filed a notice of appeal of the Commission's decision disallowing the request for review of its decision to affirm the redetermination with the Lorain County Court of Common Pleas. Appellants asserted that Shawver was terminated with just cause, contrary to the findings of the Hearing Officer. Appellants filed their brief along with a motion to supplement the evidentiary record filed by Appellee on July 28, 2006. On December 27, 2006, the trial court affirmed the unemployment compensation *Page 3 
award and denied the motion to supplement the record. Appellants timely appealed from this decision, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT'S FINDING THAT [SHAWVER] WAS DISCHARGED WITHOUT JUST CAUSE, AND THUS ELIGIBLE FOR UNEMPLOYMENT COMPENSATION WAS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. AS SUCH, THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT RULED CONTRARY TO THE STATUTORY STANDARD OF REVIEW IN AFFIRMING AND UPHOLDING THE AWARD OF UNEMPLOYMENT COMPENSATION."
 {¶ 3} In their first assignment of error, Appellants contend that the trial court's finding that Shawver was discharged without just cause and thus eligible for unemployment compensation was unlawful, unreasonable and against the manifest weight of the evidence. As such, Appellants further argue, the trial court committed prejudicial and reversible error when it ruled contrary to the statutory standard of review in affirming and upholding the award of unemployment compensation. We agree.
 {¶ 4} Our review of the decision of the Commission is the same as that of the trial court. See Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207. Under R.C.4141.282(H), the trial court can reverse a just-cause decision of the Commission only "when the court finds that the decision of the [Commission was unlawful, unreasonable, or against *Page 4 
the manifest weight of the evidence." Accordingly, our review is limited and we are not permitted to make factual findings or determine the credibility of witnesses. Irvine v. State Unemployment Comp. Bd. ofRev. (1985), 19 Ohio St.3d 15, 17-18. We may only "determine whether the [Commission's decision] is supported by the evidence in the record." Id. "`The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision. * * * Where the board might reasonably decide either way, the courts have no authority to upset the board's decision.'" Id. at 18, quoting Charles Livingston Sons, Inc. v. Constance (1961), 115 Ohio App. 437, 438. We find that the Hearing Officer's decision was not supported by the weight of the evidence.
 {¶ 5} In the instant case, the Hearing Officer determined that Shawver was terminated without just cause. "An employee may not be eligible for benefits under certain circumstances. First, there are several statutory exceptions. An employee may be found ineligible for benefits if the employee has quit without just cause, or if the employer discharged the employee for just cause in connection with the employee's work."Lorain Cty. Auditor v. Ohio Unemployment Comp. Rev. Comm.,113 Ohio St.3d 124, 2007-Ohio-1247, at ¶ 15, citing R.C. 4141.29(D)(2)(a).
 {¶ 6} Appellants specifically argue that there was just cause to terminate Shawver because he was habitually absent and/or tardy. We agree. The Hearing *Page 5 
Officer found that a side agreement to the union contract between the Lorain County Sheriff and the Lorain County Employee Association, Local 207, provided for progressive discipline for abuse of sick leave/absence abuse, with the sixth offense resulting in termination. Under the policy, the first offense would result in an instruction and cautioning with documentation entered into a personnel file, the second, a written reprimand, the third, a three-day suspension, the fourth, a ten-day suspension, the fifth, a twenty-day suspension, and the sixth, termination. The records of instruction and cautioning would remain in effect for 18 months provided there were no further disciplinary actions taken. Once the employee received a three-day suspension, or any higher level discipline, all records of the lower level discipline would remain in effect for subsequent disciplinary action until two years had passed without further suspension. As the Hearing Officer properly noted, the policy indicates that an employee will be considered absent without leave when "the employee is reported as being tardy for regularly scheduled work or assigned overtime without a proper excuse." Whether an excuse is acceptable was left to the discretion of the supervisor, who would review a written explanation of why the employee was tardy and would determine if discipline was necessary.
 {¶ 7} John Reiber, the captain/administrative officer with the Sheriffs Office testified on behalf of Appellants. He stated that the Sheriffs Office's standard operating policies ("SOP") were in compliance with the side agreement *Page 6 
to the union contract. The Hearing Officer noted that "[a]s a practice, The Sheriffs Office disciplines employees for their third instance of tardiness within a twelve (12) month period. The employer presented no written policy to support this practice." This determination is not supported by the evidence. At the hearing, Appellants presented SOP number 3.6.1. marked as exhibit H. The exhibit was admitted by the Hearing Officer and as such, was properly before the court as written evidence of the Sheriff's Office's SOP on tardiness. According to Reiber, Shawver was terminated because he was at the termination stage under the progressive discipline set forth in the SOP. According to Reiber, Shawver had received a three-day suspension for habitual absenteeism, then a ten-day suspension for habitual absenteeism, then a 20-day suspension for habitual absenteeism. "And the next stage by contract of the bargaining agreement and by policy, he was at the termination stage."
 {¶ 8} Shawver argued that he was not tardy under the policy and as such was terminated without cause. The Hearing Officer agreed with Shawver, finding that "[t]he corrections officers are required to punch in by 10:48 p.m. for the third shift, although they are not paid until 11:00 p.m." This finding is directly contradicted by the evidence presented at the hearing. According to the unambiguous terms of SOP 3.6.1, apparently overlooked by the Hearing Officer, "[d]ue to contractual agreements, correction officers work eight (8) hours and (12) minutes for roll call and relief situations. This was built into the base pay. The *Page 7 
normal hours are as follows: * * * 2248-0700 hours." We first note that Shawver testified at the hearing that he worked first shift and not third shift as the Hearing Officer found. Shawver testified that he was required to work the eight hour and 12 minute shift, but that the 12 minutes was not built into his base pay. According to Shawver, since he started with the Sheriffs Office 15 years ago, he had been underpaid by 12 minutes a day for every day he worked. He also testified that although he felt he was being underpaid, he never filed a grievance. As this testimony is directly contrary to the written policy of the Sheriffs department, we find that the Hearing Officer's finding that the correction officers were not paid for their entire eight hour and 12 minute shift unreasonable as it was not supported by the weight of the evidence. Therefore, there is no merit to the Hearing Officer's finding reasoning that "the employer's practice of counting as tardy an employee who arrives before he goes on the clock is highly questionable."
 {¶ 9} The evidence presented at trial showed that Shawver had received several written reprimands with regard to the habitual absenteeism policy. Shawver's first three-day suspension occurred November 22, 2000. His second three-day suspension was less than a year later, on May 14, 2001. Shawver's third three-day suspension was on July 30, 2002. Then, on November 5, 2002, Shawver received a ten-day suspension. On April 15, 2003, Shawver was suspended for 20 days. This was his fifth suspension. Because all these suspensions occurred less than two years from each other, in accordance with the SOP, the violations *Page 8 
remained on his record. Accordingly, a violation of the SOP within the two-year period following his fifth suspension would subject Shawver to termination.
 {¶ 10} On May 7, 2004, Shawver was 26 minutes late to work. On November 15, 2004, he was 56 minutes late to work. Finally, on February 15, 2005, he was one minute late to work, arriving at 10:49 P.M. Accordingly, following a predisciplinary conference on March 1, 2005, Shawver was terminated. Upon review, we find that the evidence clearly shows that Shawver repeatedly violated the SOP regarding habitual absenteeism and therefore was terminated with just cause in connection with his work. Accordingly, we find that the Commission's award of unemployment compensation was against the manifest weight of the evidence. Appellants' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT'S FINDING THAT [APPELLANT] COULD NOT SUPPLEMENT THE RECORD WAS PREJUDICIAL, LEGALLY ERRONEOUS, AND CONSTITUTED REVERSIBLE ERROR. THUS, [SHAWVER'S] UNION GRIEVANCE SHOULD BE CONSIDERED, ALONG WITH ALL OTHER EVIDENCE IN THE RECORD, TO DETERMINE WHETHER OR NOT THE CLAIMANT WAS DISCHARGED FOR JUST CAUSE."
 {¶ 11} In their second assignment of error, Appellants contend that the trial court's finding that they could not supplement the record was prejudicial, legally erroneous, and constituted reversible error. However, as we have sustained Appellants' first assignment of error, we need not reach the second assignment of error and decline to address the same. *Page 9 
 III. {¶ 12} Appellants' first assignment of error is sustained. We decline to address Appellants' second assignment of error. The judgment of the Lorain County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellees. *Page 10 
 SLABY, P.J. DICKINSON, J., CONCUR *Page 1