LORAIN COUNTY AUDITOR, Appellant,

v.

OHIO UNEMPLOYMENT REVIEW COMMISSION, Appellee.

[Cite as *Lorain Cty. Aud. v. Ohio Unemp. Rev. Comm.,*
185 Ohio App.3d 822, 2010-Ohio-37.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 09CA009616.

Decided Jan. 11, 2010.

Dennis P. Will, Lorain County Prosecuting Attorney, and M. Robert Flanagan, Assistant Prosecuting Attorney, for appellant.

Richard Cordray, Attorney General, and Lori Weisman, Assistant Attorney General, for appellee.

DICKINSON, Presiding Judge.

## INTRODUCTION

{¶ 1} The Lorain County Auditor fired Karen Lemley for having too many unexcused absences. The Lorain County Department of Job and Family Services denied her application for unemployment benefits because it found that she had been discharged for just cause and was not able to work. The Unemployment Compensation Review Commission, however, reversed, finding that the reason for Lemley's unexcused absences was medical problems beyond her control. It also found that she was able to work at the time she filed her application for benefits. The county appealed to the common pleas court, which affirmed the commission's decision. The county has appealed, arguing that the court's decision was incorrect because Lemley's termination was for just cause and she did not prove that she is able to work. This court affirms because the common pleas court correctly determined that the commission's decision is not unreasonable, unlawful, or against the manifest weight of the evidence.

## FACTS

{¶ 2} In 1998, the Lorain County Auditor hired Lemley to work for the county's child support enforcement agency. That same year, Lemley was injured in an automobile collision. After the collision, she began suffering from pain and numbness that caused her to miss work intermittently.

{¶ 3} In April 2008, Lemley missed work on several occasions, even though she had already exhausted her sick and personal time balances and her annual Family and Medical Leave Act entitlement. When her unexcused time went over 20 hours, the county fired her under its employee attendance policy.

{¶ 4} Lemley applied for unemployment benefits, but the Department of Job and Family Services denied her request because it found she had been fired for just cause and was unable to work. Lemley appealed to the Unemployment Compensation Review Commission, which held a hearing. The hearing officer determined that because the reason Lemley had missed work was "medical problems beyond her control," her termination was without just cause. He also found that Lemley could work full time. He therefore reversed the department's

decision. The county requested that the commission review the hearing officer's decision, but it denied the county's request. The county appealed to the common pleas court, which affirmed, concluding that the hearing officer's findings were supported by competent, credible evidence and that his decision was not unlawful, unreasonable, or against the manifest weight of the evidence. The county has appealed, assigning as error that the common pleas court's decision is incorrect.

## STANDARD OF REVIEW

{¶ 5} Courts review a decision of the Unemployment Compensation Review Commission under R.C. 4141.282. The common pleas court must affirm the commission's decision unless it was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.282(H). This court applies the same standard on appeal, focusing on the decision of the commission instead of the common pleas court's decision. *Univ. of Akron v. Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 24566, 2009-Ohio-3172, 2009 WL 1862544, ¶ 9; see *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus.

## UNEMPLOYMENT–BENEFIT ELIGIBILITY

{¶ 6} R.C. 4141.29(D)(2)(a) provides that an individual is ineligible for unemployment benefits if she was "discharged for just cause in connection with [her] work." An individual is also ineligible for benefits if she is not "able to work." R.C. 4141.29(A)(4)(a)(i).

{¶ 7} The county has argued that Lemley is ineligible for unemployment benefits because her termination was for just cause. "[T]raditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Tzangas, Plakas & Mannos*, 73 Ohio St.3d at 697, 653 N.E.2d 1207, quoting *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587. "Just cause determinations in the unemployment compensation context, however, also must be consistent with the legislative purpose underlying the Unemployment Compensation Act." Id. "The act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of [her] own." Id., quoting *Irvine*, 19 Ohio St.3d at 17, 19 OBR 12, 482 N.E.2d 587. "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control." Id. "When an employee is at fault, [s]he is no longer the victim of fortune's whims, but is instead directly responsible for [her] own predicament. Fault on the employee's part separates [her] from the Act's intent and the Act's protection." Id. at 697–698, 653 N.E.2d 1207. "Fault on

behalf of the employee is an essential component of a just cause termination." Id. at paragraph two of the syllabus.

■ {¶ 8} Lemley testified that she missed work intermittently because of her medical condition. She said that the reason she continued missing work even after she had exhausted her sick time and Family and Medical Leave Act entitlement was because she was "having episodes of pain." The Assistant Director of the Department of Job and Family Services also testified that as far as he knew, the reason Lemley missed work was because of her medical problems.

■ {¶ 9} The county has not challenged the explanation Lemley gave for her unexcused absences. Instead, it has argued that the commission's decision is contrary to law because, according to it, "[a] legitimate medical reason for not going to work is not a defense to repeated violations of a written absenteeism policy." This court has repeatedly held, however, that "absenteeism * * * caused by a bona fide illness or injury is not just cause for termination of an employee." *Durgan v. Ohio Bur. of Emp. Servs.* (1996), 110 Ohio App.3d 545, 550, 674 N.E.2d 1208; see *Springston v. Admr., Ohio Bur. of Emp. Servs.* (Jan. 5, 1983), 9th Dist. No. 1191, 1983 WL 3940, at *2, quoting *Schultz v. Herman's Furniture* (1976), 52 Ohio App.2d 161, 162, 368 N.E.2d 1269. (" 'In regard to initial eligibility for unemployment benefits, absenteeism * * * caused by a bona fide illness reported to an employer is not just cause in connection with the work, for a discharge' "). This court's position comes from its understanding that the Unemployment Compensation Act "protects those employees who cannot control the situation that leads to their separation from employment." *Durgan,* 110 Ohio App.3d at 549, 674 N.E.2d 1208.

{¶ 10} To support its argument, the county has identified four cases in which courts determined that an employer had just cause to terminate an employee for absenteeism. In *Day v. Stanley Elec. U.S. Co.* (Jan. 16, 1996), 12th Dist. No. CA95–08–029, 1996 WL 12879, Shirley Day sued for wrongful termination after Stanley Electric fired her for excessive absenteeism. That case did not involve unemployment benefits under R.C. 4141.29, so it is not relevant. As this court explained in *Durgan,* 110 Ohio App.3d at 549, 674 N.E.2d 1208, "[i]t is important to distinguish between just cause for discharge in the context of unemployment compensation and in other contexts."

{¶ 11} In *Wolmack v. Ohio Bur. of Emp. Servs.* (June 22, 1995), 10th Dist. No. 94APE12–1780, 1995 WL 373547, at *1, the Bureau of Employment Services found that Joyce Wolmack was not eligible for unemployment benefits because she had been discharged for just cause for repeated tardiness. The Tenth District affirmed, noting that "the evidence in the record contradict[ed] [Ms.

Wolmack's] argument that her tardiness was due to circumstances beyond her control." Id. at *4. In particular, the court explained that although Wolmack alleged that she was late on the day of her termination because her daughter had an unpredictable medical condition, she "failed to offer evidence of exigent circumstances which prohibited her from timely arriving to work on the other days she reported late." Id. In this case, the county has not disputed that Lemley's medical condition caused her unexcused absences. *Wolmack*, therefore, is distinguishable on its facts.

{¶ 12} In *Lorain Cty. v. State of Ohio Unemp. Review Comm.*, 9th Dist. No. 07CA009090, 2007-Ohio-4347, 2007 WL 2409979, Lorain County fired a corrections officer for repeatedly violating the sheriff's department's attendance policy. The corrections officer did not allege that there was a legitimate medical reason for his absences. Accordingly, that case is also distinguishable on its facts.

{¶ 13} In *Merante v. Dir. of Job & Family Servs.*, 9th Dist. No. 05CA008677, 2005-Ohio-6219, 2005 WL 3117140, Joseph Merante stayed home from work intermittently to care for his wife, who suffered from severe migraine headaches. When he continued to miss work after exhausting the amount of leave authorized by a jointly approved physician under the Family and Medical Leave Act, the county fired him for unexcused absences. Merante argued that the county did not have just cause to fire him because his wife's condition had changed, but his claim was unsupported by the record. Id. at ¶ 12, 15. Because he did not suggest any other basis to refute a finding that he was terminated for just cause, this court concluded that "his claim for unemployment compensation was properly denied." Id. at ¶ 16. Unlike in this case, Merante did not have a legitimate medical reason to explain why he continued to miss work after exhausting his Family and Medical Leave Act entitlement. Accordingly, *Merante* is also distinguishable on its facts.

{¶ 14} The county has also argued that Lemley failed to prove that she is able to work. Its argument, essentially, is that the hearing officer's finding that Lemley is able to work is against the manifest weight of the evidence.

{¶ 15} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 6, the Ohio Supreme Court held that the test for whether a judgment is against the weight of the evidence in civil cases is different from the test applicable in criminal cases. According to the Supreme Court in Wilson, the standard applicable in civil cases "was explained in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578." *Wilson* at ¶ 24. The "explanation" in *C.E. Morris* was that " '[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' " *Wilson*, quoting *C.E. Morris Co.*, 54 Ohio St.2d 279, 8 O.O.3d 261,

376 N.E.2d 578, at syllabus; but see *Huntington Natl. Bank v. Chappell*, 183 Ohio App.3d 1, 2007-Ohio-4344, 915 N.E.2d 665, at ¶ 17–75 (Dickinson, J., concurring in judgment only).

{¶ 16} The hearing officer found that Lemley "provided credible testimony that she was physically able to work fulltime as required by law during the period beginning June 8, 2008, when she filed her Application for Determination of Benefit Rights." At the hearing, Lemley testified that at the time she applied for unemployment benefits, she was able to work full time without restrictions. She also said that she could still perform all the essential functions of the job that she had had with the county. This court therefore concludes that there is some competent, credible evidence in the record to support the hearing officer's finding. Accordingly, the county has failed to establish that the commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. The county's assignment of error is overruled.

## CONCLUSION

{¶ 17} The common pleas court correctly concluded that the Unemployment Compensation Review Commission's decision is not unlawful, unreasonable, or against the manifest weight of the evidence. The judgment of the Lorain County Common Pleas Court is affirmed.

*Judgment affirmed.*

CARR and BELFANCE, JJ., concur.