[Cite as *Karohl v. Ridge Tool Co., Inc.*, 2011-Ohio-2196.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| SCOTT W. KAROHL | C.A. No.    10CA009834 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| RIDGE TOOL COMPANY INC., et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellants | CASE No.    09CV165333 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Ridge Tool Company fired Scott Karohl based on its belief that he had lied when he said that he was leaving work early to attend physical therapy appointments. Mr. Karohl applied for, and was initially allowed, unemployment benefits. Later, the Ohio Department of Job and Family Services vacated its decision because it determined that Ridge Tool had just cause to terminate him. Mr. Karohl appealed to the Unemployment Compensation Review Commission, which scheduled a hearing. Ridge Tool did not appear for the hearing, and the hearing officer found that Mr. Karohl had not lied about the reasons he left work early. After the Commission disallowed Ridge Tool's request for review, Ridge Tool appealed to the Lorain County Common Pleas Court, which affirmed the Commission's decision. Ridge Tool has appealed, arguing that the Commission's decision was against the manifest weight of the evidence and that the Commission incorrectly disallowed its request for review, even though it

had good cause for failing to attend the hearing. We affirm because the Commission's decision is not against the manifest weight of the evidence and Ridge Tool did not move to vacate the hearing officer's decision within 14 days of the hearing.

## BACKGROUND

{¶2} Mr. Karohl began working for Ridge Tool as an assembler in 1997. He was injured at work in 2006 and, from then on, was restricted to light-duty work. He testified that, on June 18, 2009, he told his supervisor that he was going to try to schedule a physical therapy appointment for the following day, but that he ended up not being able to get an appointment. On June 19, he came to work, but was in a lot of pain, so he asked if he could leave early to try to see his doctor. His supervisor allowed him to leave, but his doctor could not see him, so he went home. The next time he came to work, his supervisor asked about his physical therapy appointment on June 19, and Mr. Karohl answered that he had not had one. His supervisor thought that he had lied about going to physical therapy and sent him to talk to a different supervisor, who asked him about other days when he had left work early. According to Mr. Karohl, because he sometimes left work early for physical therapy and other times because he was just in a lot of pain, he was unable to remember why he had left work early on the other days the supervisor asked him about. Ridge Tool, therefore, fired him. At his unemployment compensation hearing, Mr. Karohl testified that he did not lie to Ridge Tool about his physical therapy appointments and that there had been a lot of miscommunication between his supervisors.

## MANIFEST WEIGHT

{¶3} Ridge Tool's first assignment of error is that the common pleas court incorrectly upheld the Commission's decision, which, it has argued, was against the manifest weight of the

evidence. It has argued that Mr. Karohl admitted lying to it several times about his alleged physical therapy appointments.

{¶4} Courts review a decision of the Unemployment Compensation Review Commission under Section 4141.28.2 of the Ohio Revised Code. The common pleas court must affirm the Commission's decision unless it was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28.2(H). We apply the same standard on appeal, focusing on the decision of the Commission instead of the common pleas court's decision. *Univ. of Akron v. Ohio Dep't of Job and Family Servs.*, 9th Dist. No. 24566, 2009-Ohio-3172, at ¶9; see *Tzangas, Plakas & Mannos v. Ohio Bureau of Employment Servs.*, 73 Ohio St. 3d 694, paragraph one of the syllabus (1995). In determining whether the Commission's decision is supported by the manifest weight of the evidence, we apply the civil manifest weight of the evidence standard. *Lorain County Auditor v. Ohio Unemployment Review Comm'n*, 185 Ohio App. 3d 822, 2010-Ohio-37, at ¶15.

{¶5} In *State v. Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶26, the Ohio Supreme Court held that the test for whether a judgment is against the weight of the evidence in civil cases is different from the test applicable in criminal cases. According to the Supreme Court in *Wilson*, the standard applicable in civil cases "was explained in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279." *Id.* at ¶24. The "explanation" in *C.E. Morris* was that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.* (quoting *C.E. Morris Co.*, 54 Ohio St. 2d at syllabus); but see *Huntington Nat'l Bank v. Chappell*, 183 Ohio App. 3d 1, 2007-Ohio-4344, at ¶17-75 (Dickinson, J., concurring in judgment only).

{¶6} Under Section 4141.29(D)(2)(a) of the Ohio Revised Code, an individual is ineligible for unemployment benefits if he was "discharged for just cause in connection with [his] work . . . ." "[T]raditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Tzangas, Plakas & Mannos v. Ohio Bureau of Employment Servs.*, 73 Ohio St. 3d 694, 697 (1995) (quoting *Irvine v. Unemployment Comp. Bd. of Review*, 19 Ohio St. 3d 15, 17 (1985)). "Just cause determinations in the unemployment compensation context, however, also must be consistent with the legislative purpose underlying the Unemployment Compensation Act." *Id.* "The [A]ct was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." *Id.* (quoting *Irvine*, 19 Ohio St. 3d at 17). "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control." *Id.* "When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament." *Id.* at 697-98. "Fault on behalf of the employee is an essential component of a just cause termination." *Id.* at paragraph two of the syllabus.

{¶7} Ridge Tool has argued that the evidence unequivocally shows that it had just cause for terminating Mr. Karohl because he lied about having physical therapy appointments in order to leave work early. It has noted that Mr. Karohl admitted at the hearing that he did not have a physical therapy appointment on June 19, 2009. Mr. Karohl testified, however, that he did not tell his supervisor that he had a physical therapy appointment on June 19. He only said that he was going to try to schedule an appointment for that day. According to Mr. Karohl, the

reason he was allowed to leave early on June 19 was because he was in a lot of pain and wanted to try to see his doctor.

{¶8} Ridge Tool has argued that the Commission ignored a sworn statement by Mr. Karohl, in which he admitted that he had lied to his supervisors about physical therapy appointments. Ridge Tool did not submit the alleged sworn statement at Mr. Karohl's hearing, but attached a copy of it to its request for review of the hearing officer's decision.

{¶9} Regarding requests for review, under Section 4146-25-01 of the Ohio Administrative Code, "[i]f the appellant desires to submit additional evidence, the appellant should so state and set forth a brief statement thereof." Under Section 4146-25-03, "[t]he review commission shall allow or disallow any request for review after an examination and consideration of the entire record, and the request for review."

{¶10} Mr. Karohl's alleged sworn statement supports Ridge Tool's assertion that Mr. Karohl lied to his supervisors about his physical therapy appointments. Nevertheless, in light of Mr. Karohl's testimony to the hearing officer that he did not lie about his absences, which the hearing officer found credible, we conclude that there was some competent, credible evidence in the record to support the Commission's determination that Mr. Karohl "was discharged by Ridge Tool . . . without just cause in connection with [his] work." See R.C. 4141.29(D)(2)(a). Ridge Tool's first assignment of error is overruled.

NOTICE OF ADMINISTRATIVE HEARING

{¶11} Ridge Tool's second assignment of error is that the common pleas court incorrectly upheld the Commission's disallowance of its request for review even though it demonstrated good cause for not being at the hearing. It has argued that the Commission incorrectly failed to consider its assertion that it did not receive notice of the hearing.

{¶12} The record contains a "Notice of Hearing" that was purportedly sent to Mr. Karohl, Ridge Tool, and Ridge Tool's employer representative, U.C. Express, nine days before the hearing. While it is impossible for us to determine from the record whether the notice was actually mailed to Ridge Tool or U.C. Express, the Ohio Revised Code provides procedures for parties to follow if they fail to attend an unemployment compensation hearing. Under Section 4141.28.1(D)(6), "[t]he [C]ommission shall vacate the decision [of the hearing officer] upon a showing that written notice of the hearing was not sent to the [employer's] last known address, or good cause for the [employer's] failure to appear is shown to the [C]ommission within fourteen days after the hearing date." Mr. Karohl's hearing was on September 30, 2009, and the hearing officer mailed his decision on October 2, 2009. Ridge Tool, therefore, had until October 14, 2009, to move to vacate the hearing officer's decision based on its assertion that it had good cause for not attending the hearing. R.C. 4141.28.1(D)(6).

{¶13} Ridge Tool did not move to vacate the hearing officer's decision. Instead, on October 23, 2009, it filed a request for review with the Commission. We conclude that, because Ridge Tool failed to exhaust its administrative remedies regarding its alleged failure to receive notice of the hearing, the common pleas court correctly refused to reverse the Commission's decision on that basis. R.C. 4141.28.1(D)(6); see *Dworning v. Euclid*, 119 Ohio St. 3d 83, 2008-Ohio-3318, at ¶9 ("It is a well-established principle of Ohio law that a party seeking relief from an administrative decision must pursue available administrative remedies before pursuing action in a court."). Ridge Tool's second assignment of error is overruled.

## CONCLUSION

{¶14} The Commission's just cause determination is not against the manifest weight of the evidence. Ridge Tool failed to exhaust its administrative remedies regarding its asserted

good cause for not attending the unemployment compensation hearing. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

MICHAEL L. WILLIAMS, and MARTHA VAN HOY ASSEFF, Attorneys at Law, for Appellant.

MIKE DEWINE, Ohio Attorney General, and LAUREL BLUM MAZOROW, Assistant Attorney General, for Appellee.

SCOTT W. KAROHL, pro se, Appellee.