Judgment may be here rendered for the defendant.

*Judgment reversed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur in the syllabus, opinion and judgment.

HINKLE, APPELLEE, *v.* LENNOX FURNACE CO.; BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT.

(No. 957—Decided March 4, 1948.)

*Mr. F. W. Gooding,* for appellee.

*Mr. Hugh S. Jenkins,* attorney general, and *Mr. John M. Woy,* for appellant.

GUERNSEY, J. This is an appeal on questions of law.

The plaintiff, appellee herein, Andrew F. Hinkle, who will hereafter be referred to as claimant, was employed as a sweeper by the Lennox Furnace Company of Lima, Ohio. He was employed from September 26, 1946, until October 22, 1946, but did not work from October 12, 1946, to October 20, 1946. He returned to work and worked on October 21, 1946, and on October 22, 1946, and then quit his employment. When he left his employment on October 22, 1946, he returned to his home with a temperature of 102.6 degrees. Before quitting his work he consulted a doctor who informed him that he could not do the kind of work he had been doing. He informed him also that he then had a bronchial ailment, and his heart was also affected. The doctor informed him also that he should do no heavy work but was okay for watchman and checking and the like and was able to do only light work. He called for his pay check on November 1. Claimant, at the time of hearing before the referee, was 58 years of age and had varicose veins in his legs and also had hernia. Claimant's employer was willing and ready to continue him in same employment but claimant refused to continue. Claimant, after quitting his employment, made applications for employment to various employers for lighter work than he had been doing, but did not obtain employment.

On November 2, 1946, claimant filed a claim for unemployment compensation which was allowed by the administrator.

On November 27, 1946, the employer protested the allowance of the claim and on December 9, 1946, upon reconsideration of the claim, in accordance with the provisions of Section 1346-4, General Code, the administrator denied benefits upon the ground that the claimant had voluntarily quit his work without just cause

and was, therefore, disqualified under the provisions of paragraph d (9) of Section 1345-6, General Code.

On December 12, 1946, claimant appealed to the Board of Review from the decision of the administrator denying benefits.

On January 28, 1947, a hearing was held in Lima before a referee who affirmed the decision of the administrator, denying benefits upon the ground that claimant was not available for work, as prescribed in paragraph a (4) of Section 1345-6, General Code, rather than upon the basis of his voluntarily quitting his employment without just cause, as previously held.

The claimant then filed an application for a further appeal before the Board of Review, which was disallowed by the board on May 16, 1947.

An appeal was then taken by the claimant to the Common Pleas Court of Allen county.

On application of the Board of Review it was duly made a party defendant to the action in the Common Pleas Court.

On the hearing of the appeal by the Common Pleas Court it reversed the decision appealed from, for the stated reason that the same is manifestly against the weight of the evidence, and remanded the cause to the Bureau of Unemployment Compensation for further proceedings in accordance with its judgment of reversal.

That is the judgment from which this appeal is taken by the defendant Board of Review, appellant herein.

In his application for unemployment compensation the claimant made the following statements, among others, to wit:

"I left Lennox Furnace Company because of illness. I was able to work as of 10-26-46 doing the type of work covered by medical statement attached. I have

had 4 nights watching and about 1 year checking materials at the Lima Tank Depot.''

In the file of the Bureau of Unemployment Compensation, certified to the Common Pleas Court is a copy of the written statement of Albert W. Veit, M. D., which is apparently the medical statement referred to by the claimant in his above-quoted staetment as being attached to the application. This statement is in the words and figures following, to wit:

''Dr. Albert W. Veit
''Wapakoneta, Ohio
''11-6-46

''Mr. A. F. Hinkle has hernia, varicose veins and moderate myocarditis & is unable to do heavy work. Watchman, checking and the like would be more the type of work he should do.''

The report of the referee shows that on the hearing before him the only evidence submitted was the testimony of claimant, which is as follows:

''Began March 8, 1943, at Lima Tank Depot and worked until 11-30-45 at which time company changed name to Lima Ordnance Depot and he continued on under this name until Sept. 20, 1946. Was sent to company Dr. for examination & he said work I was doing (material handler) was too heavy for my condition & should have lighter work. Since they had no job open doing lighter work I was laid off. Began Sept. 26, 1946, at Lennox Furnace Company. Was employed as sweeper but had to take big scoop shovel full of steel shavings & scatter them on oily floor and scoop them up after they soak up the oil and wheel them away in a wheel barrow. Got sick about 14th of Oct., 1946, and was off a week. Went back & worked the 21st and 22nd and came home with 102.6 degrees temperature. Went to Dr. and he said not to do that kind of work. Called for check on Nov. 1. Now had

bronchial ailment—also heart affected. Supt. of plant was notified both times that I was sick. Dr. said no heavy work. OK for watchman and checking and the like. Able only to do light work. 58 years old. Tried Graham Company in Wapakoneta for job. Tried several times and left application at Lima Tank. Tried Lennox again and inquired around. Can't be continually on feet—varicose veins in legs. Also have hernia. No lifting. When I took job at Lennox I didn't know that sweeping included cleaning floor with metal shavings and wheeling them out. I quit about Nov. 2 by telling Supt. about Dr.''

Based upon that testimony, the referee made the following findings of fact, to wit:

''On September 26, 1946, claimant was employed by the Lennox Furnace Company as a sweeper. His duties consisted of scattering steel shavings on the oily floor and after the shavings had soaked up the oil to load them on a wheelbarrow with a big scoop shovel and wheel them away. He testified that he is 58 years of age and that this work was too heavy for him. He testified that he became too ill to continue this work on October 21, and that his doctor advised him that he could not perform work of that kind. He is only able to do light work such as a watchman's job or something of a similar nature.''

Upon those findings of fact he made the following conclusion of law, to wit:

''Inasmuch as claimant's physical condition and age limit the type of work he can do to work of a very light nature, it must be concluded that he has limited his availability to such an extent as to be disqualified by virtue of Section 1345-6 a (4), General Code of Ohio, which provides that a claimant must be able to work and available for work in his usual trade or occupation.''

It is the contention of defendant board that the judgment of the Common Pleas Court is contrary to law in that the claimant was precluded by the following provisions of paragraph a of Section 1345-6, General Code, as amended in 121 Ohio Laws, 635, and as in effect at the time of claimant's employment, and subsequent thereto, from being entitled to any benefits, to wit:

''a. No individual shall be entitled to any benefits unless he or she

''(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and

''(5) is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to this act.''

As supporting that contention the defendant board relies upon the decision in the case of *Brown-Brockmeyer Co.* v. *Board of Review*, 70 Ohio App., 370, 45 N. E. (2d), 152, and also the decision in the case of *Mary Homer Stevens* v. *Selby Shoe Co., Inc.,* in the Court of Appeals of the Fourth Appellate District, Scioto county, Ohio, decided on January 15, 1945, which case has not been officially reported, in which the decision in the *Brown-Brockmeyer case* is approved and followed.

In the first, second and third paragraphs of the syllabus in the *Brown-Brockmeyer case, supra,* it is held:

''1. In order to recover compensation under the provision of the Unemployment Compensation Act that 'no individual shall be entitled to any benefits unless he or she is capable of and available for work' (Section 1345-6, General Code, 118 Ohio Laws, 266), the claimant must be capable of and available for work which he or she had been doing. Therefore, a claimant, al-

though justified in leaving her job because of ill health caused by the working conditions, can not recover unemployment compensation where the job remained open for her and she refused to return to it.''

''2. Unemployment compensation is not in the nature of sick benefits.

''3. The term 'fitted' as used in the Unemployment Compensation Act providing that 'no individual shall be entitled to any benefits unless he or she is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted * * *' (Section 1345-6, General Code, 118 Ohio Laws, 266), refers to training and experience and is not synonymous with the word 'suitable,' which means adapted to the claimant's physical condition.''

We quote the pertinent provisions of Section 1345-6, General Code (118 Ohio Laws, 266), as construed in that decision.

''(b) No individual shall be entitled to any benefits unless he or she

''(1) Is capable of and available for work;

''(2) Is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to this act, or is suffering loss of remuneration by reason of involuntary partial unemployment (as defined in Section 1345-1).''

We agree with the construction placed by the court on the provisions as they were quoted in the decision in the *Brown-Brockmeyer case, supra.*

However, the pertinent provisions of that section have been amended subsequent to that decision and prior to the decision in the case of *Mary Homer Stevens* v. *Selby Shoe Co., Inc., supra.,* and as in effect at the time covered by the latter decision, and the rendi-

-tion thereof, and at the present time, are as follows:

"Section 1345-6.

"a. No individual shall be entitled to any benefits unless he or she

"(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and

"(5) Is unable to obtain work in his usual trade or occupation or any other employment for which he is reasonably fitted including employments not subject to the unemployment compensation act."

It will be noted that in the amended section, paragraph a (4) of Section 1345-6, General Code, has replaced paragraph b (1) of the section as construed at the time of the decision in the *Brown-Brockmeyer Company case, supra,* and the claimant's test of eligibility for benefits prescribed in paragraph b (1) has been changed so that two alternative tests, instead of the single test prescribed in paragraph b (1), are now prescribed.

The alternative tests of eligibility now prescribed, are:

1. Ability to work and availability for work in his usual trade or occupation.

2. Ability to work and availability for work in any other trade or occupation for which he is reasonably fitted.

If claimant qualifies on either test he is eligible to receive benefits so far as the provisions of paragraph a(4) of the section are concerned.

It will also be noted that in the amended section, paragraph a (5) of Section 1345-6, General Code, has replaced paragraph b (2) of the section as construed at the time of the decision in the *Brown-Brockmeyer case, supra.*

The phrase "or any other employment for which he is reasonably fitted" is incorporated in the amended provisions, and the term "reasonably fitted" is used in the same sense as it was used before the amendment.

The general purpose and intent of the section has not been changed by any of the amendments thereto.

We agree that paragraphs two and three of the syllabus in the *Brown-Brockmeyer Co. case,* above quoted, are applicable to the section as amended, but are of the opinion that paragraph one of the syllabus in that case, apparently followed and applied by the referee in the instant case, by reason of the change in phrasing of the provisions hereinbefore quoted has not been applicable to the Section 1345-6, General Code, since the amendment hereinbefore mentioned.

Consequently we are of the opinion that the referee in his decision, and the Court of Appeals of the Fourth Appellate District, in its unreported decision above mentioned, erred in following and applying the holding in paragraph one of the syllabus in the *Brown-Brockmeyer Co. case, supra,* and in not giving proper effect to the changes made in the tests of eligibility for benefits under the provisions of Section 1345-6, General Code, as amended, hereinbefore mentioned.

Giving effect to these changes, the claimant is eligible for benefits if he is able to work and available for work in any other trade or occupation for which he has reasonable training and experience, notwithstanding he is not able to work and is not available for work in his usual trade or occupation.

The phrases "able to work" and "available for work," as used, prescribe and are intended to prescribe two separate and distinct states of fact. The phrase "able to work," as used, means "physical capability to work," while the phrase "available for work," as

used, does not comprehend ''physical capability to work'' as it would in the ordinary sense, but means ''readiness to work.''

We will, therefore, apply these tests of eligibility, to the claimant in the instant case.

It appears from the quoted testimony and findings of fact, that claimant is physically capable of performing certain types of light work such as watching, checking, or similar work, so that within the meaning of the provisions he is able to work.

It appears from the claimant's application for compensation that he had four nights of experience and training in night watching, and about one year of experience and training in checking materials at the Lima Tank Depot.

Although the referee made no finding in this respect, it appears from the quoted testimony, which is uncontroverted, that claimant began work on March 8, 1943, at Lima Tank Depot, and worked until November 30, 1945, at which time company changed name to Lima Ordnance Depot, that he continued to work on under this name until September 20, 1946, and that the work done by him included the handling of materials, which tends to prove that claimant has had sufficient training and experience to qualify him to work as a watchman, checker, or in some similar capacity, it being a matter of common knowledge, of which the courts take judicial notice, that work of this character does not require any special training or experience.

Although the referee made no finding of facts in this respect, the quoted testimony, which is uncontroverted, tends to prove that claimant was ready to work as a watchman, checker, or the like, which work he was physically capable of performing and for which he was reasonably fitted by training and experience, and it is a matter of common knowledge, of

which the courts take judicial notice, that men are being employed in the capacities mentioned, in Lima, Ohio, where claimant is located and sought such employment. It is also apparent from the record that claimant was unable to secure such employment.

The manifest weight of the evidence, therefore, establishes that although claimant was not able to work and available for work in his usual trade or occupation, he was able to work and available for work in other occupations for which he is reasonably fitted, and was unable to obtain such work and was, therefore, eligible to receive benefits.

For the reasons mentioned, we find that the Common Pleas Court did not err in reversing the decision of the referee as being manifestly against the weight of the evidence and we, therefore, affirm the judgment of the Common Pleas Court, at the costs of the defendant board.

The legal questions involved in this case are the same as were involved in the case of *Mary Homer Stevens* v. *Selby Shoe Co., Inc.*, in the Court of Appeals of the Fourth Appellate District, Scioto county, decided on January 15, 1945, above mentioned, and we find that the judgment upon which we have agreed upon in this case is in conflict with the judgment pronounced upon the same question by the Court of Appeals of the Fourth Appellate District, Scioto county, in the case above mentioned, wherefore the record in the instant cause is certified to the Supreme Court of Ohio for review and final determination.

*Judgment affirmed.*

JACKSON, P. J., and MIDDLETON, J., concur.