JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant, Marika Robertson ("Plaintiff"), appeals the trial court's affirmance of the Ohio Unemployment Compensation Review Commission's decision denying her unemployment benefits. For the following reasons, we affirm.
 {¶ 2} Appellant was employed as a security officer by Inter-Con Security Systems Holding Corporation ("ICSS") from May 15, 2003 until April 19, 2004. At the time she was hired, she was aware that she needed to obtain a security officer license in order to continue her employment with ICSS.
 {¶ 3} On January 16, 2004, the Ohio Department of Commerce ("ODC") sent ICSS a letter stating in part:
 {¶ 4} "The Division of Real Estate and Professional Licensing has begun its review of the registration application submitted byMarika Robertson. The Division has obtained a report from the Ohio Bureau of Criminal Identification and Investigation ("BCII") which states that the registration applicant was discharged withfelonious assault, Arrest number(s) 200321078, Ohio Revised CodeChapter(s) 2903.11, on June 12, 2003, in Cuyahoga County, Ohio.
The BCII report, however, does not indicate the final disposition of the charge(s). In order to complete its review of the registration application, the Division must determine whether or not the registration applicant has been convicted on a felony charge within the last twenty (20) years.
 {¶ 5} "The Division requires that final dispositions not stated on the rap sheets must be on the record. The Divisionalso requires final disposition for all misdemeanor charges.
Please make note that misdemeanor charges can be heard in both Courts, Municipal and Common Pleas. Felony charges are only heard in Common Pleas Court. At least one charge listed above is a felony charge.
 {¶ 6} "A copy of the official Certified Journal Entry fromthe Clerk of Courts Office of the county in which the charge(s)was filed with the final disposition stated, along with thesignature of the presiding Judge is required. Any otherdocument from the Court with the signature of the Judge and finaldisposition of the charge(s) in question stated on it will alsobe acceptable. If the documents is not signed by a Judge, it isnot acceptable." (Emphasis in original.)
 {¶ 7} Appellant provided ICSS with the following documents: a case Disposition Request Form from the Cleveland Municipal Clerk of Courts dated February 12, 2004 that indicated that there was no information on file regarding the June 13, 2004 arrest for felonious assault; a Cleveland Division of Police General Records Division form dated February 12, 2004 indicating "6-12-2003 R-eleased — Felonious assault"; and two Cleveland Municipal Court Journals showing the final disposition of two criminal cases, none of which dealt with Appellant's alleged felonious assault charge. Appellant, however, did not provide ICSS with documents from the Cuyahoga County Court of Common Pleas. ICSS, nevertheless, forwarded the documents provided by Appellant to the ODC.
 {¶ 8} On March 5, 2004, the ODC sent another letter to ICSS stating that the documents provided were insufficient. The letter stated in part:
 {¶ 9} "* * * We still need the following information:
 {¶ 10} "A copy of the official Certified Journal Entry forthe felonious assault charge dated June 12, 2003 in Cleveland,Ohio. The documentation you submitted is not sufficient.
 {¶ 11} "In cases where you are unable to locate any recordof the stated charge(s), you must provide a letter from the clerkof courts office that specifically states `no record found'." (Emphasis in original).
 {¶ 12} The letter further provided that failure to provide such documentation within ten days would result in the ODC denying the Appellant's registration for the security license.
 {¶ 13} ICSS informed Appellant of the letter and indicated that she should go to the Common Pleas Court to obtain the necessary documentation regarding the alleged felony charge. Appellant failed to comply with ICSS's and ODC's request to provide documentation for the Common Pleas Court, and instead, provided another letter dated March 18, 2004 from the Cleveland Municipal Clerk of Courts indicating that Appellant had no record of a charge for felonious assault in that court, as well as a document from the Cleveland Police Department not mentioning any charges of felonious assault being filed against Appellant. As a result, Appellant was discharged when the ODC denied her application for a security officer license as a result of her inability to produce the requested documents.
 {¶ 14} Following her discharge, Appellant filed an application for unemployment compensation benefits on April 19, 2004. The Director of the Ohio Department of Jobs and Family Services ("Director") determined Appellant was discharged from ICSS without just cause in connection with work and allowed her claim for unemployment compensation for the week ending April 24, 2004.
 {¶ 15} ICSS timely appealed the Director's determination and on June 10, 2004, the Director issued a Redetermination which affirmed the original determination.
 {¶ 16} ICSS appealed the Redetermination on July 1, 2004 and the case was transferred to the Ohio Unemployment Compensation Review Commission ("the Commission"). On September 27, 2004, a telephone hearing was held and Appellant failed to appear, claiming difficulties with her telephone service. The Commission reversed the Director's Redetermination on October 22, 2004 and determined that, as a result of Appellant's failure to provide the requested documentation from the Common Pleas Court, she was terminated with just cause and not entitled to unemployment compensation benefits.
 {¶ 17} Appellant timely appealed the Commission's decision. In her appeal, Appellant explained the steps she took to comply with ICSS's and ODC's request for documentation regarding her felony record, as well as provided her reasons for her absence at the September 27, 2004 telephone hearing. The Commission issued its Decision Disallowing Request for Review on December 2, 2004.
 {¶ 18} Appellant timely appealed to the Cuyahoga County Court of Common Pleas, which affirmed the Commission's Decision. Appellant now appeals to this court, asserting only one assignment of error for our review. Her sole assignment of error states:
 {¶ 19} "The court of common pleas erred in affirming the decision of the Unemployment Compensation Review Commission whose decision to reverse the Ohio Department of Job and Family Services Director's allowance of unemployment compensation benefits to Marika Robertson, was unlawful, unreasonable and against the manifest weight of the evidence pursuant to R.C.4141.282(H). (Judgment Entry filed July 22, 2005)."
 {¶ 20} Appellant appeals the trial court's affirmance of the Commission's decision denying her unemployment benefits. Finding no merit to this appeal, we affirm.
 {¶ 21} A reviewing court may only reverse a decision of the unemployment compensation board of review if the decision is unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.282(H); Tzangas, Plakas Mannos v. OhioBur. of Emp. Serv., 73 Ohio St.3d 694, 1995-Ohio-206,653 N.E.2d 1207, paragraph one of syllabus; Irvine v. Unemp. Comp. Bd. ofRev. (1985), 19 Ohio St.3d 15, 482 N.E.2d 587. Thus, this court is not permitted to make factual findings or determine the credibility of witnesses. Tzangas, supra; Irvine, supra. We may only determine whether the Commission's decision is supported by the evidence in the record. Id. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision. * * * Where the board might reasonably decide either way, the courts have no authority to upset the board's decision." Irvine, supra at 18. Consequently, if the evidence is supported by competent, credible evidence, we must affirm the Commission's decision. MacMillan v. FlowPolymers, Inc., Cuyahoga App. Nos. 83197, 83203, 2004-Ohio-1252.
 {¶ 22} Pursuant to R.C. 4141.29(D)(2)(a), a claimant is not eligible for unemployment compensation benefits if the claimant quit without just cause, or if the claimant was discharged for just cause. "Just cause" means "that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine, supra at 17. Just cause determinations must be consistent with the legislative purpose of the Unemployment Compensation Act, to provide financial assistance to individuals who become unemployed through no fault of their own. Id.
 {¶ 23} In the instant action, a review of the record reveals that there existed competent, credible evidence from which the Commission could determine that Appellant was discharged for just cause. In making its determination, the Commission found that Appellant failed to provide her employer with the requested and necessary documentation regarding her reported felony charge. The Commission noted that Appellant had provided her employer with documentation from the Municipal Court stating that the court had no record of any felony charges associated with Appellant. She, however, had failed to present the documentation from the Common Pleas court even after her employer had indicated to Appellant to go to the Common Pleas Court, not the Municipal Court, to get the necessary documentation regarding the reported felony charge. Therefore, since Appellant admittedly has failed to acquire documentation from the Common Pleas Court stating that it had no record of any felony charges associated with Appellant after her employer informed her to do so, Appellant was at fault for not obtaining her security license that she knew she needed to continue her employment with ICSS. Accordingly, we find that there was competent, credible evidence to support the Commission's conclusion that Appellant was discharged for just cause. Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., concurs. (See Attached ConcurringOpinion) Mary Eileen Kilbane, J., Dissents. (See AttachedDissenting Opinion)
 CONCURRING OPINION