[Cite as *Mick v. Dir., Ohio Dept. of Job & Family Servs.*, 2022-Ohio-3047.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STEVEN MICK | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22 CAE 03 0025 |
| DIRECTOR, OHIO DEPARTMENT | : |  |
| OF JOB & FAMILY SERVICES | : |  |
|  | : | OPINION |
| Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                             Court of Common Pleas, Case No. 21 CV F
                             09 0423

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 1, 2022

APPEARANCES:

For Appellant                          For Appellee

DAVID YOST                             KEVIN R. KELLEHER
Ohio Attorney General                  4635 Trueman Blvd., Ste. 100
BY: DAVID E. LEFTON                     Hillard, OH 43026
Principal Assistant Attorney General
Unemployment Compensation Unit
30 East Broad Street, 26th Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant Steven Mick appeals the February 28, 2022 decision of the Delaware County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission. Appellee is the Director of the Ohio Department of Job and Family Services ("ODJFS").

*Facts & Procedural History*

{¶2} Appellant applied for unemployment compensation benefits. On March 24, 2020, ODJFS issued an initial determination awarding appellant unemployment compensation benefits due to COVID-19 separation in the amount of $160.00 per week ($4,160 total) for the benefit year beginning March 15, 2020. Appellant also received compensation via the Federal Pandemic Unemployment Compensation Program.

{¶3} The record is not clear what appellant's occupation was, but the initial approval of unemployment compensation benefits lists "employer names" from the qualifying weeks of October 1, 2018 to September 30, 2019 as "Solar Saloon LLC" and "ICG of Ohio LLC."

{¶4} Appellant had a liver transplant on November 3, 2020. He was released from the hospital on December 19, 2020. Appellant applied for unemployment benefits again, first requesting benefits for the week of December 20, 2020 through December 26, 2020. Appellant received $160 in benefits for that week. He subsequently filed additional applications and received benefits for each week between December 27, 2020 and February 20, 2021, totaling $3,680.

{¶5} On February 25, 2021, ODJFS issued a determination informing appellant he was overpaid benefits to which he was not entitled from December 27, 2020 to

February 20, 2021 ($460 per week for a total of $3,680) because appellant was not able to work, and thus failed to meet the requirement of R.C. 4141.29(A)(4)(a)(i). In the determination it states, "claimant is ineligible from 12/27/2020 until this agency is provided evidence that this issue no longer exists and claimant is otherwise eligible."

{¶6} ODJFS issued another determination on March 3, 2021. ODJFS found appellant was overpaid benefits to which he was not entitled for the week of December 26, 2020 ($160) because appellant was not able to work.

{¶7} Appellant appealed both the February 25 and March 3 determinations. On March 16, 2021, ODJFS issued redeterminations affirming both of the initial determinations. Appellant appealed the redeterminations on April 14, 2021. Jurisdiction was transferred to the Unemployment Compensation Review Commission ("Review Commission").

{¶8} Hearing Officer Hanysh conducted a telephone hearing on June 24, 2021, limited only to the issue of the timeliness of appellant's appeal. Appellant explained why his appeal was late. The hearing officer also informed appellant as follows: "generally hearing officers do look for some type of notification from a medical professional that you were cleared to work in the timeframe in question. And it doesn't mean that you had to be able to do your complete job that you did prior. It's just that you were able to work full time within the restrictions the doctor placed you under." Appellant asked, "would your advice to me be to get a hold of that doctor and ask him to write me something," and questioned why his hospital discharge papers would not be sufficient. Hearing Officer Hanysh advised appellant to get a letter from his doctor saying he was able to work on December 19, 2020. The hearing officer advised appellant to fax the letter pursuant to

the instructions in the notice of hearing. In an order dated June 25, 2021, the hearing officer found appellant's appeal of the redeterminations was timely. The order stated the appeal would be scheduled for a hearing on the merits.

{¶9} Appellant submitted one document via fax before the merit hearing: the discharge paperwork that released him from the hospital after his liver transplant. The discharge paperwork lists appellant's medications, upcoming appointments, clinical notes from his doctors, and guidelines on what activities he could safely do. Under the "discharge orders" portion of the paperwork, it states, "walker for discharge," "bathroom aids for discharge," and "AMB referral to home health – inpatient discharge COC." Upcoming appointments listed on the forms were for rehabilitation (December 21 and December 22), his primary care doctor (December 23), his transplant surgeons (December 28 and January 5), and lab draws twice a week for three months. The "activity guidelines" advised appellant not to engage in contact sports, to guard his abdomen, not to lift objects weighing more than 5-10 pounds, not to vacuum for three months, no heavy lifting, not to mow or garden for three months, and no driving for two weeks after transplant, or while taking narcotics.

{¶10} On July 12, 2021, Hearing Officer Colton held a telephone hearing on the merits of appellant's appeal.

{¶11} Upon questioning by the hearing officer, appellant testified he was immediately able to work upon his release from the hospital, as he was discharged with no work restrictions. Appellant stated his doctor never gave him work restrictions, so he did not have a letter stating the dates he was unable to work and the date he was cleared

to return to work.  Appellant pointed to the discharge summary he submitted as evidence that he did not have any work restrictions.

{¶12}  When the hearing officer told appellant he needed something from his doctor stating specifically what days he was unable to work and when he was released to return to work, appellant stated that document did not exist.  The hearing officer instructed appellant to contact his doctor and inform the doctor that, for unemployment purposes, he needs something specifically saying when he was released to work.  Appellant again stated that since he was never restricted from work, he could not get that document.  The hearing officer continued, "sir, you had a liver transplant so you cannot work for a period after you had that.  So, therefore, the fact that you had a liver transplant means that you were unable to work for that period.  So we need something from the physician that states when you were able to return to work.  Not your discharge papers from the hospital, because just because you were discharged from the hospital does not mean you were able to work."  Appellant stated he believed the hearing officer's "argument" was wrong.  The hearing officer again reiterated the need for a physician's statement as to when appellant was able to return to work.

{¶13}  The hearing officer informed appellant she would give him until the end of the week to get the doctor's letter.  Appellant stated he didn't think that "specific form" was in his medical record.  The hearing officer told appellant that no specific form was needed, as all that was needed was something from a physician stating "Steven Mick was released to work as of" whatever date.  The hearing officer stated, "that's all we need."  Appellant again stated he did not understand why the discharge summary was not sufficient.  The hearing officer noted the discharge summary did not say he could return

to work, it just released him from the hospital. The hearing officer used the example of a family member that had a heart transplant, and explained that while the family member was released from the hospital after two weeks, he was unable to return to work for six months.

{¶14} Appellant spent several minutes informing the hearing officer that ODJFS should have looked at his doctor's notes and/or medical records before making these determinations, and the decisions were made upon misreading documents. The hearing officer reiterated several additional times that she needed one document – a physician's note. Prior to the conclusion of the hearing, appellant told the hearing officer he would get the letter. The hearing officer specifically instructed appellant where to fax the letter.

{¶15} Appellant submitted two additional exhibits before the hearing officer closed the record. The first exhibit is an e-mail chain between appellant and Julie Luebke ("Luebke"), the OSU Wexner Medical Center Liver Transplant Coordinator. In this communication, appellant asks Luebke to print him a copy of the letter asserting when he was on restrictions upon discharge, and when his work restrictions were limited. Luebke responded, "I do not see any letters that transplant has done. We normally only do those letters if a patient requests them."

{¶16} The second exhibit is a letter from Cindy Higgins ("Higgins"), appellant's "support person/primary health care contact" during appellant's stay in the hospital for his liver transplant. Higgins stated she was in the room during appellant's discharge from the hospital, and heard the discharge instructions given to appellant. Higgins asserted that, during the doctor's discussion of appellant's discharge from the hospital, there was no mention of any work restrictions. Higgins stated she stayed with appellant for seven days

upon his discharge from the hospital. Further, she reviewed the discharge instructions including medications, dietary restrictions, incision care, daily activities, and upcoming appointments, and there was nothing about work restrictions.

{¶17} In the letter accompanying the additional exhibits, appellant stated he was "being found guilty before and without the presumption of innocence" and argued it was ODJFS' responsibility to contact his team of surgeons, doctors, nurses, social workers, and coordinators if they needed further information.

{¶18} On July 20, 2021, Hearing Officer Colton issued a decision affirming both of ODJFS' redeterminations. Officer Colton noted that "ability to work" means "physically able to work during each day of the week claimed to meet the requirement." Officer Colton reasoned that none of appellant's evidence, the discharge documents, letter from the transplant coordinator, and letter from Higgins, were sufficient to demonstrate appellant had been released to work upon discharge from the hospital on December 19, 2020. Officer Colton noted that while appellant testified he has not been unable to work at any time, he was hospitalized from November 30 to December 19, which rendered him unable to work for that period. Because appellant did not show he was able to work following his liver-transplant surgery, Officer Colton held appellant remained ineligible for benefits for the period beginning December 20, 2020, and remains ineligible. The hearing officer held appellant must repay the benefits overpaid to him during that time.

{¶19} On August 1, 2021, a request for review by the Review Commission was made by appellant. The Review Commission issued a decision denying appellant's request for review on August 11, 2021.

{¶20} Appellant next appealed the matter to the Delaware County Court of Common Pleas. The appeal was briefed by both parties. The trial court issued a final judgment entry on February 28, 2022. The trial court noted that a failure to provide necessary documentation may prevent a claimant from collecting unemployment compensation benefits. Further, that the evidence in the record undermines appellant's testimony. The trial court held there was competent and credible evidence to support the Review Commission's decision, and affirmed the Review Commission's decision.

{¶21} Appellant appeals the February 28, 2022 judgment entry of the Delaware County Court of Common Pleas, and assigns the following as error:

{¶22} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AFFIRMING THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION, WHICH FOUND APPELLANT INELIGIBLE FOR UNEMPLOYMENT COMPENSATION BENEFITS DUE TO AN INABILITY TO WORK."

*Standard of Review*

{¶23} R.C. 4141.28(H) governs the standard of review to be applied by the court of common pleas and subsequent reviewing courts in unemployment compensation cases. The statute states: "if the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶24} Our standard of review is the same. *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995). That is, the court of appeals must also determine whether the commission's

decision was unlawful, unreasonable, or against the manifest weight of the evidence. We are required to focus on the decision of the commission, rather than that of the trial court. *Huth v. Director, Ohio Dept. of Job and Family Services*, 5th Dist. Tuscarawas No. 2014 AP 03 0011, 2014-Ohio-5408.

{¶25} Appellate courts are not permitted to make factual findings or to determine the credibility of the witnesses; but the reviewing court does have the duty to determine whether the Review Commission's decision is supported by the evidence in the record. *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995). This leaves the board's role as a factfinder intact. *Id.* Where the commission might reasonably decide either way, this Court has no authority to upset the Commission's decision. *Bonannvo v. Ohio Dept. of Job & Family Services*, 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167; *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031. "Every reasonable presumption must be in favor of the [decision] and the findings of fact [of the Review Commission]." *Id.*

I.

{¶26} R.C. 4141.29(A)(4)(a)(i) states as follows:

(A) No individual is entitled to a waiting period or benefits for any week unless the individual * * *

(4)(a)(i) Is able to work and available for suitable work and, except as provided in division (A)(4)(a)(ii) or (iii) of this section, is actively seeking suitable work * * *.

{¶27} "Able to work" is defined as "physical capability to work." *Hinkle v. Lennox Furnace Co.*, 84 Ohio App. 478, 83 N.E.2d 903 (3d Dist. Allen 1948); *Johnson v. Administrator, Ohio Bur. Of Employ. Servs.*, 8th Dist. Cuyahoga No. 73591, 1998 WL 241917 (May 14, 1998). This finding depends on the facts and circumstances of each case. *Id.*

{¶28} Appellant contends there is "binding precedent" from this Court holding a claimant's testimony alone is sufficient to overcome any presumption a claimant is unable to work due to recent medical treatment.

{¶29} Appellant first cites *Kines v. Director, Postal Data Center*, 5th Dist. Stark No. CA-4712, 1978 WL 217474 (Jan. 18, 1978) in support of his argument. We find *Kines* distinguishable from the instant case. First, unlike in this case, the *Kines* case dealt with a federal civilian employee. As noted in our opinion, "an appeal involving unemployment for a federal civilian employee under federal law (Title 5 §8501-8508) is limited to the application of Ohio law to the findings of the federal agency as to whether the employee performed federal service, the periods of the federal service, the amount of federal wages, and the reasons for the termination of federal service." *Id.* Additionally, with regard to ability to work, it was not clear in *Kines* what evidence was presented at the hearing and the claimant did actually report to work subsequent to his medical treatment. Further, there was no "evidence or contention that the disability had continued beyond May 23, 1976," as a doctor released the claimant to work. In the instant case, despite being asked multiple times to do so, appellant never obtained a doctor's release to work.

{¶30} Appellant also cites *Clement v. Clow Water Systems Co.*, 5th Dist. Coshocton No. 91-CA-22, 1991 WL 302412 (Dec. 27, 1991). In *Clement*, this Court

reversed the trial court and Review Commission's determination that the claimant was unable to work for a week in July, finding the "evidence in the record clearly indicate[d] that: (1) Clement was able to work the week ending July 28, 1990; (2) Clement was available for work suitable to his temperature restriction; (3) Clement informed Clow of his availability; and (4) Clow refused to offer suitable work." Clement testified his doctor told him he could not work in temperatures over 90 degrees, and Clow's personnel manager also testified at the hearing.

{¶31} Appellant argues that, pursuant to *Clement*, any time a claimant testifies he or she is physically capable to work, they automatically meet the requirements contained in R.C. 4141.29(A)(4)(a)(i). We find *Clement* does not stand for the proposition that the testimony of the claimant, alone, is always sufficient to demonstrate he or she is able to return to work. This would violate the established law giving deference to the Review Commission, as the trier of fact, to determine factual issues, weigh the evidence, and make credibility determinations. As noted above, this Court is not permitted to make factual findings or to determine the credibility of the witnesses. *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995).

{¶32} This Court has specifically and repeatedly held in unemployment compensation cases that a trial court and this Court must defer to the hearing officer's determination of credibility. *Carden v. Ohio Dept. of Job & Family Services*, 5th Dist. Stark No. 2021CA00114, 2022-Ohio-2786 (trial court improperly failed to defer to the hearing officer's determination of credibility); *Zanesville Metropolitan Housing Auth. v. Tichenor,* 5th Dist. Muskingum No. CT2018-0038, 2018-Ohio-4734 (hearing officer in the

best position to assess witness credibility). Accordingly, we find there is no "binding precedent" that a claimant's testimony alone is always sufficient to meet the "ability to work" requirement. The hearing officer is entitled to determine the credibility of a claimant, and review the other evidence in the record. This Court's review is limited to whether the Review Commission's decision was supported by competent and credible evidence. As detailed below, we find the Commission's decision was supported by evidence in the record in this case, and was not against the manifest weight of the evidence.

**{¶33}** Additionally, the recitation of facts in *Clement* is brief, and does not specifically state that the claimant was the only person to testify, or that his testimony was the only evidence indicating the claimant was able to work. At least one other individual (the claimant's manager) testified at the hearing. There is no explicit statement in *Clement* that a claimant's testimony alone is sufficient to overcome any presumption a claimant is unable to work due to recent medical treatment. Rather, the law cited in *Clement* is consistent with the standard utilized today: the resolution of purely factual questions is for the Board of Review and its referees as the trier of fact, and our review is limited to a manifest weight of the evidence review.

**{¶34}** Appellant additionally cites two cases from the Ninth District Court of Appeals in support of his argument that the testimony of the claimant is sufficient to demonstrate a claimant has the physical capability to work.

**{¶35}** In 2015, the Ninth District affirmed the trial court's decision affirming the Review Commission's determination finding the claimant eligible for unemployment compensation, despite the employer's argument the claimant was unable to work. *Akron v. Dir., Ohio Dept. of Job and Family Servs.*, 9th Dist. Summit No. 27489, 2015-Ohio-

5376. The claimant testified he was able to work light duty. *Id.* However, in addition to the claimant's testimony, there was evidence the claimant was already performing light duty work, was actually doing that work, and, at the time of the hearing, was employed in a position where he was able to work. There is no such evidence in this case.

{¶36} We similarly find the second case cited by appellant factually distinguishable from the instant case. In *Lorain Cty. Aud. v. Ohio Unemployment Review Comm.*, the Ninth District affirmed the trial court and Review Commission's decision to grant the claimant unemployment benefits, despite the employer's argument that the claimant was physically unable to work. 185 Ohio App.3d 822, 2010-Ohio-37, 925 N.E.2d 1038 (9th Dist. Lorain). The hearing officer found the claimant provided "credible testimony" that she was physically able to work as required by law, and could perform all the essential elements of her job. *Id.*

{¶37} The key to the Ninth District's analysis in the *Lorain County* case is that the hearing officer found the claimant's testimony was "credible testimony." In this case, it is clear from the hearing transcript and decision that the hearing officer did not find appellant's testimony that he was physically able to work the day he was released from the hospital after a liver transplant credible. The hearing officer made it clear she would need a statement from a doctor to confirm appellant's testimony. She specifically explained to appellant why this was necessary. Given appellant's response to the hearing officer's questions and the other evidence in the record, this was not an unreasonable request. Appellant failed to provide this information; thus, the hearing officer made the determination with the evidence in the record, including assessing the credibility of appellant's testimony. While appellant contacted a member of the transplant team asking

for a copy of the letter about his work restrictions, she responded there was no such letter in the file, as they are only done when a patient requests one. There is no evidence appellant actually requested the letter, or that he contacted any of his other doctors to provide a statement that he was physically able to work on December 19, 2020. See *Robertson v. Ohio Dir., Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 86898, 2006-Ohio-3349 (failure to provide documents as instructed by hearing officer prevented claimant from receiving unemployment benefits); *Waller v. Premier Cleaning Corp.*, 8th Dist. Cuyahoga No. 44391, 1983 WL 5771 (Feb. 10, 1983) (by not providing a doctor's slip, could not get unemployment compensation because not available to work).

{¶38} The law is clear that this Court must defer to the hearing officer's determination of credibility. The hearing officer in this case did not find appellant's testimony about his physical ability to work on December 19, 2020 credible. Since this was the only evidence indicating appellant was physically able to work on that date, we find the hearing officer's decision is not against the manifest weight of the evidence. While appellant argues his discharge papers demonstrate he was physically able to work as of December 19, 2020, the discharge papers do not state he was physically able to work. Rather, the discharge papers and letter from Higgins is further competent and credible evidence supporting the hearing officer's decision.

{¶39} While Higgins stated in her letter that she was present in the room and did not hear the doctor issue any restrictions to appellant, she did not testify or aver that the doctor stated appellant was released to work, or physically able to work. Additionally, Higgins stated she had to stay with appellant for seven days after his release from the hospital to take care of him. This is competent and credible evidence that appellant was

not physically able to work on December 19, 2020, as appellant testified he was. The discharge paperwork includes a lengthy list of medications prescribed to appellant, states appellant needed a walker and bathroom aids upon discharge from the hospital, and states a referral was made for appellant to have home health care. There were numerous upcoming appointments listed on the form, including with doctors, transplant surgeons, and a rehabilitation specialist. His activity guidelines demonstrate he was limited in what he could do, specifically that he had to guard his abdomen and could not drive while on narcotic medication. Accordingly, we find there is competent and credible evidence to support the Review Commission's decision. Where the commission might reasonably decide either way, this Court has no authority to upset the Commission's decision. *Bonannvo v. Ohio Dept. of Job & Family Services*, 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012-Ohio-5167; *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031.

*Burden of Proof / Persuasion*

{¶40} Appellant also contends the trial court improperly imposed a burden of proof on appellant, in violation of R.C. 4141.281(C)(2). We disagree.

{¶41} R.C. 4141.281(C)(2) states, "no person shall impose upon the claimant or the employer any burden of proof as is required in a court of law." Appellant contends the trial court directly contradicted this prohibition when it stated in its judgment entry, "the burden is on Mick, as the claimant, to demonstrate that he was entitled to unemployment compensation benefits from December 2020 to February 2021."

{¶42} Though the trial court used the word "burden," it did not say "burden of proof." Rather, the trial court cited to the *Silkert* case. In *Silkert*, the Court held, "in an

administrative review of the eligibility of a discharged employee for unemployment compensation, the burden of persuasion remains at all times upon the discharged employee * * *." *Silkert v. Ohio Dept. of Job & Family Servs.*, 184 Ohio App.3d 78, 2009-Ohio-4399, 919 N.E.2d 783 (2nd Dist.); see also *Underhill v. Unemp. Comp. Rev. Comm.*, 10th Dist. Franklin No. 10AP-617, 2011-Ohio-1598 ("discharged employee bears the burden of persuasion to prove that he is entitled to unemployment compensation").

{¶43} In another portion of the judgment entry, the trial court states, "reasonable efforts alone do not create competent, credible, evidence necessary for a claimant to carry his or her burden of persuasion." The trial court never utilized the phrase "burden of proof" in its judgment entry. It is clear from the citations and terms used in the judgment entry that the trial court was referring to appellant's burden of persuasion, not improperly imposing a burden of proof on appellant. This Court has held the claimant has the burden of persuasion to prove he or she is entitled to unemployment compensation benefits. *Zanesville v. Metro. Housing Auth. v. Tichenor,* 5th Dist. Muskingum No. CT2018-0038, 2018-Ohio-4734. The trial court's analysis is in line with this Court's precedent.

{¶44} Based on the foregoing, appellant's assignment of error is overruled.

{¶45} The February 28, 2022 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By: Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur